UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

CIVIL ACTION NO. 5:09-CV-406-KSF

TIFFANY MANUEL, ET AL.,                                                                  PLAINTIFF,

v.                               **OPINION AND ORDER**

TRADITIONAL SPORTING GOODS, INC., ET AL.,                       DEFENDANTS.

\* \* \* \* \* \* \* \* \* \*

This matter is before the Court upon the motion *in limine* filed by the Defendants, Traditional Sporting Goods, Inc. ("Traditions") and Ardesa S.A. ("Ardesa")(collectively, "Defendants") regarding certain evidentiary issues [DE #68]. This matter is fully briefed and is ripe for review.

Defendants' motion has several discrete components. The Court will address each component in the order set out in Defendants' motion.

**I.     Standard for Rule 402 and Rule 403 Motions *in Limine***

In *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), the court discussed the admissibility of evidence as follows:

> Rule 402 provides the baseline:
>
>> All relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by Act of Congress, by these rules, or by other rules prescribed by the Supreme Court pursuant to statutory authority. Evidence which is not relevant is not admissible.
>
> "Relevant evidence" is defined as that which has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Rule 401. The Rule's basic standard of relevance thus is a liberal one.

*Id*. at 587. The Sixth Circuit recognized many years ago that a court should not "deprive plaintiffs of their legitimate right to place before the jury the circumstances and atmosphere of the entire cause of action which they have brought into the court, replacing it with a sterile or laboratory atmosphere...." *In re Beverly Hills Fire Litigation*, 695 F.2d 207, 217 (6th Cir. 1982).

Federal courts have held that Fed. R. Evid. 403 is an extraordinary remedy and carries a strong presumption in favor of admissibility. *U.S. v. Grant*, 256 F.3d 1146, 1155 (11th Cir. 2001). In *In re Air Crash Disaster*, 86 F.3d 498 (6th Cir. 1996), the Sixth Circuit explained:

> Rule 403 does not exclude evidence because it is strongly persuasive or compellingly relevant – the rule only applies when it is likely that the jury will be moved by a piece of evidence in a manner that is somehow unfair or inappropriate. The truth may hurt, but Rule 403 does not make it inadmissible on that account.

*Id*. at 538. "Virtually all evidence is prejudicial or it isn't material. The prejudice must be 'unfair.'" *Koloda v. General Motors Parts Div., General Motors Corp.*, 716 F.2d 373, 378 (6th Cir. 1983).

**II.     Analysis**

The parties agree that the size, geographic location and specialization of the Defendants' counsels' law firms are not admissible evidence in the case. The parties also agree that settlement discussions or negotiations are not admissible evidence. The parties further agree that expert testimony of a witness not so identified pursuant to the Court's scheduling order and/or other applicable rules, as well as references or testimony from Plaintiff or any other lay witness as to any statements made to them by a treating physician concerning a diagnosis, treatment or prognosis of Tiffany Manuel's physical condition, are not admissible evidence in this case. Accordingly, these portions of Defendants' motion will be granted.

Next, Defendants seek to preclude any reference or testimony from Plaintiff or any other lay witness as to any future reasonable and necessary medical treatment for Tiffany Manuel and any associated expenses or costs. Defendants argue that such testimony is based on speculation and is irrelevant without a proper foundation. Plaintiff objects to this portion of Defendants' motion and argues that Tiffany Manuel should be permitted to testify as to any plans or intentions she has of continuing medical treatments, as well as the anticipated cost of such future treatment, so long as there is some factual basis for her testimony. The Court agrees with Plaintiff that any objection to particular testimony based on speculation or lack of foundation is more appropriately made contemporaneously with the objectionable testimony at trial and may be determined at that time. Accordingly, this portion of Defendants' motion will be denied.

Defendants also move to preclude any questions or evidence relating to the failure of the Defendants to call any witness during the trial of this case. Defendants seek to pre-empt the application of the "missing witness" rule, pursuant to which "[a]n adverse inference is permitted from the failure of a defendant to call witnesses if they are 'peculiarly within (his) power to produce' and if their testimony would 'elucidate the transaction.'" *United States v. Blakemore*, 489 F.2d 193, 195 (6th Cir. 1973)(quoting *Wynn v. United States*, 397 F.2d 621, 625 (D.C. Cir. 1967)). Defendants rely on *Allstate Ins. Co. v. Shuler*, 53 F.3d 331 (6th Cir. May 2, 1995)(unpublished), an unpublished table decision noting that "the 'missing witness' or 'uncalled witness' rule is inapplicable in federal court." *Id*. at *3. However, *Allstate* relies on the holding in a case from the Fifth Circuit, *Herbert v. Wal-Mart Stores, Inc.*, 911 F.2d 1044 (5th Cir. 1990) and is inconsistent with *Blakemore*, a published opinion from the Sixth Circuit. Moreover, as an unpublished decision, *Allstate* is not precedentially binding under the doctrine of stare decisis, but is considered for its persuasive value

3

only. *United States v. Sanford*, 476 F.3d 391, 396 (6th Cir. 2007). Accordingly, the Court finds that it is bound by *Blakemore*, which permits application of the "missing witness" rule. However, as noted by *Blakemore*, the application of the "missing witness" rule is to be carefully restricted to situations where: 1) the uncalled witnesses are peculiarly within the control or power of one party; and 2) the anticipated testimony of the uncalled witnesses will "elucidate the transaction." *Blakemore*, 489 F.2d at 195-196.

Here, Defendants have not identified any particular witnesses whom they do not anticipate calling to testify at trial. Thus, the Court is unable to determine whether the circumstances surrounding the failure to call these witnesses justify the application of the "missing witness" rule. Accordingly, this portion of Defendants' motion will be denied. To the extent that Defendants seek to preclude application of the "missing witness" rule to a particular witness, Defendants may make an objection at the trial of this matter.

Next, Defendants seek to preclude any statement or testimony comparing or contrasting the relative wealth of the parties. Defendants argue that such evidence is irrelevant, immaterial and would prejudice the jury. However, Plaintiff argues that the wealth of a defendant is relevant in cases involving requests for punitive damages, such as this one, because "a punitive damages award must remain of sufficient size to achieve the 'twin purposes of punishment and deterrence.'" *Bach v. First Union Nat. Bank*, 486 F.3d 150, 155 (6th Cir. 2007)(quoting *Romanski v. Detroit Entertainment, LLC*, 428 F.3d 629, 649 (6th Cir. 2005)).

Although Plaintiff is seeking punitive damages in this case, Defendants' motion for summary judgment on Plaintiff's punitive damages claim is still pending before the Court. Accordingly, this

portion of Defendants' motion will be passed until the Court determines Defendants' motion for summary judgment on Plaintiff's claim for punitive damages.

Defendants also seek to preclude Plaintiff from offering, referring to or, in any way, presenting information to the jury related to whether any party maintains any type of insurance, including liability insurance, as well as the costs or limits of any such policy. Plaintiff does not object to Defendants' motion. Accordingly, this portion of Defendants' motion will be granted.

Next, Defendants seek to preclude any hypothetical questions from counsel to fact or lay witnesses. Although Defendants do not point to any particular anticipated questions or testimony that they believe would be improper, Defendants rely on Rules 602, 701 and 702 of the Federal Rules of Evidence and generally argue that such questions would be irrelevant, immaterial and would prejudice the jury. Plaintiff objects, arguing that this request is far too broad. Plaintiff also points out that there is potential to ask a hypothetical question that would be relevant and not prejudicial. The Court rejects Defendants' invitation to preclude any hypothetical questions in a vacuum and, accordingly, denies this portion of Defendants' motion. To the extent that Defendants have an objection to a specific question, they may make a contemporaneous objection at the trial of this matter.

Defendants also seek to preclude any reference, testimony or evidence regarding any subsequent remedial measures taken by Defendants with regard to the Traditions Tracker 209 muzzleloading rifle. However, Defendants do not point to any specific subsequent remedial measure taken with respect to this rifle that they seek to preclude. In addition, Defendants rely on Rule 407 of the Federal Rules of Evidence as grounds to exclude evidence of subsequent remedial measures. Although Rule 407 precludes the use of evidence of subsequent remedial measures to prove

negligence, culpable conduct, a defect in a product or its design or a need for a warning or instruction, the Rule further provides that such evidence *is* admissible for another purpose, such as impeachment or proving ownership, control, or the feasibility of precautionary measures. Because Defendants' motion fails to point to any specific evidence that they deem objectionable, the Court is unable to evaluate whether this evidence is admissible. Thus, because of the vagueness of Defendants' motion, as well as the potential relevance of such evidence under the circumstances described in Rule 407, this portion of Defendants' motion will be denied. To the extent that Defendants have an objection to specific evidence, they may raise this objection at the trial of this matter.

Defendants next seek to preclude the admission of expert reports of any expert permitted to testify in this matter. Plaintiff does not object to this portion of Defendants' motion. Thus, this portion of Defendants' motion will be granted.

Next, Defendants seek to preclude Plaintiff's counsel from making a request or demand for production of items or documentation in front of the jury. According to Defendants, such a request should have been dealt with in discovery and it would be highly prejudicial to Defendants to make such a request in front of the jury. Plaintiff objects, arguing the Defendants' motion is overly broad. According to Plaintiff, if a witness should testify at trial as to the existence of some document that has not been produced in discovery, it would be highly prejudicial to Plaintiff to prohibit a request about this document. Regardless, Defendants' motion is so vague and overly broad that the Court is unable to determine what, exactly, Defendant seeks to exclude. Accordingly, Defendants' motion will be denied.

Defendants also seek to preclude Plaintiff and lay witnesses from testifying or offering opinions regarding specialized knowledge of economic evaluation, on the grounds that such witnesses are not qualified as economic experts by knowledge, skill, experience, training or education. Again, Defendants do not point to any specific testimony from any specific witness that they seek to preclude. Regardless, Plaintiff objects to the extent that Defendants' motion would preclude testimony from Tiffany Manuel, or any other knowledgeable lay witnesses, as to Kevin Manuel's earnings. Plaintiff also objects to the extent that Defendants seek to preclude testimony from Tiffany Manuel as to her medical expenses. Plaintiff argues that this information is well within the personal knowledge of Tiffany Manuel and requires no specialized skill.

Without the identification of specific testimony from a specific witness that Defendants believe should be precluded, the Court cannot properly evaluate whether this evidence is admissible. Thus, because Defendants' motion is so vague, this portion of Defendants' motion will be denied. However, the Court notes that, when presenting opinion testimony by lay witnesses, the parties are bound by the requirements of Rules 701 and 702 of the Federal Rules of Evidence. The Court further notes that, to the extent that *facts* regarding Kevin Manuel's earnings and/or the medical expenses incurred by Tiffany Manuel are rationally based on any lay witness's perception, testimony about these facts by these witnesses is not based on scientific, technical, or other specialized knowledge and is otherwise not precluded by Rules 701 or Rule 702. Otherwise, to the extent that Defendants have an objection to specific evidence, they may raise this objection at the trial of this matter.

Finally, Defendants seek to preclude Plaintiff's counsel from making any "send a message" arguments in opening or closing statements. According to Defendants, such arguments would be

inappropriate and would invite the jury to render a verdict on bases other than the evidence. Plaintiff objects to Defendants' motion and argues that such an argument is permissible to the extent that it would support its claim for punitive damages. However, as Defendants' motion for summary judgment on Plaintiff's punitive damages claim is still pending before the Court, this portion of Defendants' motion will be passed until the Court determines Defendants' motion for summary judgment on Plaintiff's claim for punitive damages.

Accordingly, the Court, being fully and sufficiently advised, hereby **ORDERS** as follows:

1. Defendants' motion in limine regarding certain evidentiary issues [DE #68] is **GRANTED IN PART** and **DENIED IN PART** as set forth above; and

2. the portions of Defendants' motion related to Plaintiff's claim for punitive damages are **PASSED** until the Court determines Defendants' motion for summary judgment on Plaintiff's claim for punitive damages.

This December 14, 2011.

**Signed By:**
*Karl S. Forester* KSF
**United States Senior Judge**