UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

CIVIL ACTION NO. 5:09-CV-406-KSF

TIFFANY MANUEL, ET AL.,                                                                       PLAINTIFF,

v.                                        **OPINION AND ORDER**

TRADITIONAL SPORTING GOODS, INC., ET AL.,                 DEFENDANTS.

\* \* \* \* \* \* \* \* \* \*

This matter is before the Court on the motion *in limine* filed by the Defendants, Traditional Sporting Goods, Inc. and Ardesa S.A.(collectively, "Defendants") to limit the number of graphic photographs introduced at trial [DE #67]. This motion is fully briefed and is ripe for review.

**I.    Standard for Rule 402 and Rule 403 Motions *in Limine***

In *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), the court discussed the admissibility of evidence as follows:

> Rule 402 provides the baseline:
> 
> > All relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by Act of Congress, by these rules, or by other rules prescribed by the Supreme Court pursuant to statutory authority. Evidence which is not relevant is not admissible.
> 
> "Relevant evidence" is defined as that which has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Rule 401. The Rule's basic standard of relevance thus is a liberal one.

*Id*. at 587. The Sixth Circuit recognized many years ago that a court should not "deprive plaintiffs of their legitimate right to place before the jury the circumstances and atmosphere of the entire cause

of action which they have brought into the court, replacing it with a sterile or laboratory atmosphere...." *In re Beverly Hills Fire Litigation*, 695 F.2d 207, 217 (6th Cir. 1982).

Federal courts have held that Fed. R. Evid. 403 is an extraordinary remedy and carries a strong presumption in favor of admissibility. *U.S. v. Grant*, 256 F.3d 1146, 1155 (11th Cir. 2001). In *In re Air Crash Disaster*, 86 F.3d 498 (6th Cir. 1996), the Sixth Circuit explained:

> Rule 403 does not exclude evidence because it is strongly persuasive or compellingly relevant – the rule only applies when it is likely that the jury will be moved by a piece of evidence in a manner that is somehow unfair or inappropriate. The truth may hurt, but Rule 403 does not make it inadmissible on that account.

*Id*. at 538. "Virtually all evidence is prejudicial or it isn't material. The prejudice must be 'unfair.'" *Koloda v. General Motors Parts Div., General Motors Corp.*, 716 F.2d 373, 378 (6th Cir. 1983).

## II.   Analysis

This case involves a tragic, fatal accident in which the decedent, Kevin Wayne Manuel, was shot in the head with his Traditions Tracker 209 muzzleloading rifle while he was in his home preparing to go hunting. As a result of the accident, Plaintiff, on behalf of herself (both individually and as the Administrator of Kevin's estate) and her minor child, has sued Defendants, alleging that Defendants negligently designed, manufactured, marketed and distributed the Traditions Tracker 209 muzzleloading rifle and that Defendants unreasonably failed to warn of the known and foreseeable hazards of the rifle. Plaintiff seeks the following damages: (1) permanent impairment to Kevin's ability to earn; (2) physical and mental suffering; (3) funeral expenses; (4) past medical expenses; (5) loss of society companionship and consortium; and (6) punitive damages.

In their motion, Defendants seek to limit Plaintiff to introducing no more than two photographs of the decedent, Kevin Manuel, and the accident site. Defendants attach eight

photographs to their motion that they contend are graphic in nature. These pictures were taken immediately after the accident and depict the accident scene and the injuries to Kevin resulting from the shooting. Defendants rely on Rule 403 of the Federal Rules of Evidence and argue that, because the photographs are of a gruesome and/or graphic nature, the Court should evaluate whether the photographs are of sufficient evidentiary value to outweigh the danger of unfair prejudice. Defendants also argue that permitting the introduction of more than two of the photographs may be needlessly cumulative. Finally, Defendants argue that, given the graphic nature of the photographs, they are likely to inflame the minds and passions of the jury and create an undue tendency to suggest a decision on an improper basis.

Plaintiff responds that she has no interest in showing the jury an excessive number of graphic photographs and, in fact, believes that showing too many graphic photographs too often could actually damage her case. Notwithstanding this, Plaintiff does object to Defendants' suggested limitation and argues that she needs to show certain graphic photographs of Kevin and the accident scene in order to properly present her case. In addition to the photographs identified by Defendants, Plaintiff identifies eleven additional photographs that she believes are necessary to prove her case.[1] Plaintiff argues that certain photographs of the scene are necessary to give the jury an orientation as to where the shooting occurred and what items of furniture were near Kevin at the time his gun was

---

[1]Although Plaintiff's response suggests that the photographs identified as Exhibits to her response are in addition to those already identified by Defendants in their motion, it appears to the Court that some of these photographs are duplicates. For example, the following photographs appear to be duplicates: Exhibit 4 to Plaintiff's response appears to be a duplicate of p. 7 of Defendants' Exhibit A; Plaintiff's Exhibit 5 appears to consist of duplicates of pp. 2, 3 and 4 of Defendants' Exhibit A; Plaintiff's Exhibit 6 appears to be a duplicate of p. 5 of Defendants' Exhibit A; and Plaintiff's Exhibit 7 appears to be a duplicate of p. 6 of Defendants' Exhibit A. Thus, it appears that Plaintiff is actually only seeking to introduce five pictures in addition to those already identified by Defendants.

fired. According to Plaintiff, multiple photographs are necessary because they show the scene from various distances and at different angles. Similarly, Plaintiff argues that the photographs of Kevin taken after the shooting are relevant to demonstrate the angle and location of how Kevin was shot, as well as proving his injuries and damage. For example, certain photographs show burn patterns and markings on Kevin's hand, clothes and stomach. Although recognizing that these photographs may be prejudicial, Plaintiff argues that their probative value in aiding a determination of the causation of the accident, as well as the resulting damage, outweighs this prejudicial effect.

Having reviewed the photographs, the Court finds that they are relevant to proving causation of the accident, as well as Kevin's injuries and Plaintiff's damages. The Court also recognizes that there is a possibility of a prejudicial effect from introducing the photographs into evidence. However, particularly given the lack of any eyewitnesses to the accident itself, the Court finds that the probative value of these photographs outweighs this prejudicial effect. Moreover, given Plaintiff's indication that she does not intend to introduce any more photographs than those that have already been identified, as well as her stated reluctance to introducing excessive photographs, the Court does not believe that the Defendant's proposal that Plaintiff be limited to introducing two of the photographs is necessary.

Accordingly, the Court, being fully and sufficiently advised, hereby **ORDERS** that Defendants' motion *in limine* to limit the number of graphic photographs introduced at trial [DE #67] is **DENIED**.

This December 16, 2011.



**Signed By:**
*Karl S. Forester* KSF
**United States Senior Judge**

4